UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON BIT LABS, INC., d/b/a BIT BAR SALEM, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:20-cv-11641-RGS |

## **DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6), defendant Charles D. Baker, Governor of the Commonwealth of Massachusetts, moves to dismiss the Complaint. The Complaint challenges an order issued by Governor Baker to prevent the spread of COVID-19, the disease caused by the novel coronavirus that has infected nearly 133,000 Massachusetts residents, killed more than 9,300 Massachusetts residents, and caused a global pandemic. In particular, on May 18, 2020, Governor Baker issued COVID-19 Order No. 33, setting forth a four-phase plan for reopening those businesses and organizations that had previously been required to temporarily close their physical premises due to the surge of coronavirus cases. In the Complaint, plaintiff focuses on one of the Governor's related orders governing the phased reopening process: COVID-19 Order No. 43, which Governor Baker issued on July 2, 2020, and which identified arcades as a Phase IV entity (that were not yet permitted to reopen) while identifying casinos as an entity that could open in Phase III (on July 6, 2020). On September 10, however, Governor Baker issued COVID-Order No. 50, which made certain adjustments to the orders governing entities permitted to reopen in Phase III including by authorizing indoor and outdoor gaming

arcades to open their brick-and-mortar premises on September 17, as long as they complied with generally applicable social distancing and safety measures. There is, accordingly, no longer a live dispute between the parties in this case, and all of the plaintiff's claims should be dismissed as moot under Fed. R. Civ. P. 12(b)(1).

In addition, plaintiff's claims for declaratory and injunctive relief, as well as its claim for damages, are barred by the Eleventh Amendment. And, all of plaintiff's claims fail as a matter of law, under Fed. R. Civ. P. 12(b)(6), because the Governor's COVID-19 Orders, designed to protect the health and safety of Massachusetts residents, are constitutional. The Court accordingly should deny plaintiff's motion for preliminary injunction and instead dismiss the complaint.

In support of this motion, the Governor relies upon his Memorandum of Law, filed contemporaneously with this motion.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Governor requests a hearing on this motion, on the ground that oral argument is likely to be of assistance to the Court.

Respectfully submitted,

GOVERNOR CHARLES D. BAKER

By his attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ LaRonica K. Lightfoot
LaRonica K. Lightfoot (BBO No. 569350)
Assistant Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2357
Dated:  October 13, 2020              laronica.lightfoot@mass.gov

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

The undersigned counsel hereby certifies that counsel for the defendant conferred with the plaintiff by email on October 8, 2020, and attempted in good faith to reach agreement on this motion but was not able to do so.

/s/ LaRonica K. Lightfoot
LaRonica K. Lightfoot
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that, on October 13, 2020, this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ LaRonica K. Lightfoot
LaRonica K. Lightfoot
Assistant Attorney General